

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00037-CV

IN RE L.T. RUNELS JR., RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

February 15, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before the Court is the pro se petition for writ of mandamus and a motion to stay the trial court proceedings, both having been filed pro se by L.T. Runels Jr ("relator"). He seeks to compel the trial court to consider, or reconsider, his motion for summary judgment. Additionally, he asks us to consider making "modifications" to the trial court's decision granting summary judgment against relator or to send the case back for a show-cause hearing as to why "the trial court declared relator's motion for summary judgment moot." For the reasons discussed below, we deny the petition for writ of mandamus and the motion to stay.

First, a relator is obligated to accompany his petition with documents "showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Here, the underlying complaint is

that the trial court granted two motions for summary judgment against relator while finding his own "moot." Said motions allegedly were filed by opposing parties. Missing from the documents attached to relator's petition are the motions for summary judgment underlying his complaint. They would be part of the documents showing the "matter complained of."

Second, relator attached a letter from the trial court evincing that the two motions it granted "dispose[] of all issues in [the] cause." Disposing of those two motions as it did apparently rendered relator's motion "moot," in the court's estimation. More importantly, the court denied "all other pending motions." Finally, those whose motions for summary judgment received favorable consideration were directed to prepare "an appropriate judgment." Though no final judgment is before us, the letter reveals the trial court's intent to enter a final judgment in the cause. This is of import because an appeal from a final judgment is an adequate legal remedy for one complaining about the denial of a motion for summary judgment. *In re Light*, No. 07-21-00162-CV, 2021 Tex. App. LEXIS 7274, at *5 (Tex. App.—Amarillo Aug. 31, 2021, orig. proceeding) (mem. op.) (noting that the availability of an appeal from a final decision is an adequate legal remedy pretermitting mandamus relief). Relator's conclusory suggestion that he lacks funds to pursue such an avenue of relief is inconsequential; no effort was made to illustrate that procedural relief afforded an indigent (assuming, of course, that he is indigent) would be unavailable to him.

The petition for writ of mandamus and motion to stay are denied.

Brian Quinn
Chief Justice